No. 16

No. 19954—R. L. Craig v. Public Utilities Commission. Error to the Public Utilities Commission.

208. CARRIERS—Where owner of truck uses same partly for his own business and partly in hauling goods for hire, there is a partial dedication to public service and to that extent, the hauler is a common carrier.

MARSHALL, C. J.

1. The legislature has broad powers in regulating public motor transportation over the highways throughout the state and may confer upon the public utilities commission authority to determine whether or not the character of public transportation service constitutes such service a public utility service and carrier a common carrier.

2. Where an owner of trucks employs the same partly in the prosecution of his own business and partly in hauling goods and merchandise for the public for hire, there is a partial dedication of such property to the public service and to the extent of such dedication and such use the hauler is a common carrier. Hissem v. Guran, 112 Ohio St., 59, distinguished.

Order affirmed.

Jones, Matthias, Day, Allen, Knikade and Robinson, JJ., concur.

No. 17

No. 19841—The Toledo Terminal Railroad Co. v. Lorus W. Hughes.

Error to the Court of Appeals of Lucas County.

2z6. CARE—While traveler nearing railroad crossing is entitled to place some reliance upon an automatic signal which he knows is maintained, he is nevertheless bound to use in addition, such care as an ordinarily prudent man would use under such circumstances.

DAY, J.

1. A traveler approaching a railroad crossing at which he knows an automatic signal is maintained, while entitled to place some reliance upon the indication of safety which silence of the signal implies, is nevertheless bound to use such care in addition as an ordinarily prudent man would use under such circumstances.

2. Where the pleadings and statement of counsel of what he expects the evidence to show disclose that the driver of an automobile, with knowledge of the existence of a railroad crossing the highway at grade, so drove his automobile that when, upon discovering a freight train standing upon the tract, "he swung his wheels to the left, and the rear end of the car swung around and caught between two freight cars. The train then started and dragged him off the road into the ditch", tht railroad company having no knowledge of his presence, such accident occurring at night, in a dense fog, when "it was very hard to distinguish objects ahead", and, by reason of an automatic signal not being in operation, "he was unable to tell just the exact location, or in fact tell at all that the road was blocked and that there was a train on the track at that particular point", such driver is guilty of contributory negligence which justifies the direction of a verdict against him, even though automatic warning signals located at such crossing wree not working, nor other warnings given by the railroad company.

Judgment of the Court of Appeals reversed and that of the Common Pleas affirmed.

Marshall, CJ., Jones, Matthias, Kinkade and Robinson, JJ., concur. Allen, J., concurs in proposition one of the syllabus and in the judgment.

No. 18

No. 19674—H. Melvin Roberts, William Howell and B. M. Duncan, Partners, as Howell, Roberts & Duncan, v. T. J. Montgomery, et al. Error to the Court of Appeals of Cuyahoga County.

114. ATTORNEY & CLIENT—1. Where attorney agrees to accept as a fee one-third of amount recovered as damages for personal injuries, and in good faith proceeds to carry out all obligations under the contract, he is entitled to the percentage designated where injured party himself effects a settlement.

2. Under such circumstances, the measure of damages is not limited to reasonable value of attorney's services prior to cancellation of the contract by injured party. (84 OS. 424, approved.)

KINKADE, J.

1. When a party who has suffered personal injuries enters into a contract in writing with lawyers for the recovery of damages therefor b ysuit or settlement, the contract reading as follows: "I hereby employ H., R. & D. as my attorneys at law to bring suit or effect a settlement for damages against I. F. S. Co. for personal injuries (describing same). As their pay said H., R. & D. are to receive 33 1-3 per cent of whatever amount received by me in case of trial or settlement", and then the injured party himself effects a settlement with the wrongdoer, while the lawyers in good faith and without any delay or default on their part are carrying out all their obligations under the contract, the percentage of the settlement money designated as compensation in the contract belongs to the lawyers.

2. When compensation for professional services to ben rendered by lawyers in a personal injury case is wholly contingent upon success, and the contract of employment is terminated by the injured party, without any reasonable or just cause for so doing, and before an opportunity has been given to the other contarcting party to carry out his part of the contract, the measure of damages in such case is not limited to the reasonable value of the services rendered by the lawyers employed prior to the cancellation of the contract by the injured party. (Scheinesohn v. Lemonek, 84 Ohio St., 424, approved and followed.)

Judgment reversed.

Marshall, CJ., Matthias, Day and Robinson, JJ., concur.